IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROY LATIMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-042 |
| | ) | |
| SGT. LATREVIOUS HALL; DR. SYDNEY PILINKO; ATRIUM HEALTH NAVICENT HOSPITAL; CITY OF MACON, GEORGIA; MS. VERONICA STEWART; RICKY WILCOX; CPT. JIMMIE KELLOM; MS. TONJI KEITH; JERMAINE WHITE; KAREN THOMAS; SGT. RIVERA; MR. ROBERT TOOLE; DR. DITSLEAR; DR. BREADEN; DR. DAVID CHANEY; MS. CRYSTAL MAYNOR; NURSE GRACE; MS. JOHNSON; CITY OF TELFAIR COUNTY; and JOHN DOE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 6.) The Magistrate Judge recommended denying the motion to proceed *in forma pauperis* ("IFP") and dismissing the case because Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g), and he does not qualify for the "imminent danger of serious physical injury" exception to the three strikes rule. (See doc. no. 4, pp. 2-6.) The Magistrate Judge

also recommended dismissal of the case because Plaintiff failed to truthfully disclose his prior filing history. (See id. at 6-10.) Plaintiff objects that he "only has one bogus strike against him," (doc. no. 6, p. 3), and the Court should not penalize him from having a "bad memory" about his prior case filings, (id. at 1).

As the Magistrate Judge explained and listed by case name and number, (doc. no. 4, pp. 2-3), Plaintiff has accumulated three strikes, and Plaintiff provides no information other than his conclusory statement about only having "one bogus strike" to challenge that determination. To the extent Plaintiff attempts to raise allegations about imminent danger at his current place of incarceration, Macon State Prison, (doc. no. 6, p. 3), the Magistrate Judge explained those claims must be raised in the Middle District of Georgia, (doc. no. 4, p. 5). As to the alternative basis for dismissal based on providing dishonest information about his prior filing history, Plaintiff's excuses for providing false information ring hollow, particularly in light of Plaintiff's well documented pattern and practice of dishonesty in Court filings. (See id. at 7-8 (recounting cases filed as recently as 2024 in both the Northern and Southern Districts of Georgia dismissed for providing dishonest filing information).)

Accordingly, the Court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, the Court **DENIES** Plaintiff's IFP motion, (doc. no. 2), **DISMISSES** this action without prejudice, and **CLOSES** this civil action. Because this case is dismissed, the Court **DENIES** as **MOOT** Plaintiff's motion for appointment of counsel submitted as part of his objections. (Doc. no. 6, pp. 2, 5.) If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must

initiate a new lawsuit, which would require submission of a new complaint. See <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO ORDERED this 27th day of May, 2025, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3